# MEMORANDUM DECISIONS

William BARNETT v. STATE. (No. 10606.) (Court of Criminal Appeals of Texas. Jan. 26, 1927.) Appeal from District Court, Lamar County; George P. Blackburn, Judge. Grady Sturgeon, of Paris, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The conviction is for negligent homicide in the first degree; punishment fixed at confinement in the county jail for a period of 12 months. The record comes before this court without statement of facts or bills of exceptions. The indictment is sufficient to charge the offense. No fundamental error appears in the record. The judgment is affirmed.

## 2●

Johnnie Sam BEASLEY v. STATE. (No. 10488.) (Court of Criminal Appeals of Texas. Feb. 2, 1927.) Appeal from District Court, Fayette County; M. C. Jeffrey, Judge. George Willrich, of La Grange, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for assault with intent to murder; punishment being 12 years' confinement in the penitentiary. The offense is alleged to have occurred in 1918, but conviction was not had until the April term, 1926. The delay is not accounted for in the record. It appears that the case was continued upon application of appellant in 1924, and some mention is also made in the evidence of a conversation occurring between appellant and a witness, when they were on their way to court in 1920. Paul Handrich, the party upon whom the assault is alleged to have been made, was an officer. He had occasion several times to arrest appellant, which had aroused his animosity against the officer. In the afternoon (the assault being committed at night) the officer had arrested a negro woman. Appellant, who was a negro, was informed of this fact. Expressing his opinion about the arrest, he said, referring to the officer, "The s—— of a b—— ought to be shot." That night he sent word to the officer to meet him at a certain place, as he wanted to see him about some particular matter. The officer, apparently not suspecting the motive prompting the request, met appellant at the place designated. According to the officer's testimony, appellant said:

"Mr. Handrich, I am getting tired of you arresting me every once in a while, and every time a crime is committed, it looks like you want to arrest me, and I am getting mighty God damned tired of it. I will see that you don't make an arrest of me any more after this."

About this time another party came up behind the officer and with some instrument struck him in the back of the head, and appellant shot the officer; the bullet also striking him in the head. There are no bills of exception in the record, and we have recited only enough of the evidence to show that it supports the verdict and judgment, which is ordered affirmed.

## 3

Joe BRUENELLO v. STATE. (No. 10533.) (Court of Criminal Appeals of Texas. Jan. 19, 1927.) Commissioners' Decision. Appeal from District Court, Palo Pinto County; J. B. Keith, Judge. See, also, 102 Tex. Cr. R. 379, 278 S. W. 428. Mays & Mays and Dave T. Miller, all of Fort Worth, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant has filed an affidavit in writing, in due form, requesting that his motion for rehearing be withdrawn and this appeal be dismissed. The request is hereby granted, and said appeal is now ordered dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## 4

Clyde CLEVENGER v. STATE. (No. 10740.) (Court of Criminal Appeals of Texas. Jan. 19, 1927.) Appeal from District Court, Bosque County; Irwin T. Ward, Judge. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is theft; punishment fixed at confinement in the penitentiary for a period of four years. The record reveals no complaint of the procedure, nor do we find any authenticated statement of the evidence. The indictment sufficiently charges the offense. No fundamental error has been perceived or pointed out. The judgment is affirmed.